### CLAUDE OLIVER et al. v. STATE.

No. A-8519.   June 16, 1933.
Rehearing Denied July 18, 1933.
(23 Pac. [2d] 718.)

Jesse H. Dunn, Jess L. Pullen, and Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiffs in error, hereinafter called defendants, were convicted of murder on their pleas of guilty, in the district court of Murray county, and were each sentenced to death.

Preliminary complaint was filed before a magistrate on November 19th.   Preliminary examination was waived on November 22d, a transcript transmitted to the district

court, and on the same date an information charging defendants with murder was filed in the district court. The defendants were arraigned and pleas of not guilty entered.

On December 3d, the court appointed Jess L. Pullen and Jesse H. Dunn, leading members of the bar of Murray county, to represent defendants. On the 12th day of December, defendants, with their counsel, appeared in court and announced that they desired to withdraw their pleas of not guilty and enter pleas of guilty. The court thereupon informed defendants a jury was in attendance and that they were entitled to a jury trial if they desired. That if a plea of guilty should be entered the court must assess either the death penalty or imprisonment for life at hard labor. The court then inquired of the defendants and their counsel if any inducement or promise had been held out by any official or any one else that in the case of a plea of guilty the minimum punishment might be assessed, to which question each of the defendants and each counsel answered in the negative, then stated in substance that with that knowledge and understanding of the consequences they desired to withdraw their pleas of not guilty and enter pleas of guilty. The pleas of not guilty were then withdrawn and pleas of guilty entered, and the passing of sentence deferred.

Thereafter, on December 14th, defendants and their counsel again appeared before the court, who then heard the testimony of several witnesses, touching the facts and circumstances of the crime charged, with a view of learning the circumstances of the crime charged, either in aggravation or mitigation that he might correctly exercise his discretion in fixing the punishment. Section 3140, Okla. Stat. 1931. Each of the counsel then addressed the

court, making an earnest plea for the lesser punishment of life imprisonment.

The facts shown by the record are brutal in the extreme and are about as follows: Defendant Claude Oliver was 28 years of age, defendant George Oliver, 18 years of age. Some time before the homicide it was agreed between them that one of them would marry and take out life insurance on his wife and afterwards they would kill her and collect the life insurance. Defendant Claude Oliver was agreed upon as the one to get married and he did so, marrying the deceased, whose name appears in the record as Della Oliver. After the marriage something more than $5,000 insurance was taken out on the life of the wife, and it was then planned they would take her out in an automobile, kill her, and run the car off a culvert. They arranged with a negro to be a witness of the death of the wife to prove it accidental if need for such proof should arise. They selected the place for the crime and then went on the highway to the chosen spot, stopped the car, and while Claude Oliver, the husband, was out of the car under a pretext of repairing a tire, George Oliver struck Della Oliver on the head with a heavy file. She managed to get out of the car and ran to her husband, Claude Oliver, for protection. He held her and told George Oliver to finish the job, and George Oliver then struck her several times with a heavy piece of iron from an automobile spring, killing her. She was then put in the car and the car run off a culvert and wrecked.

The most earnest contention is made that under the circumstances shown, the death penalty should not be permitted to stand. The plea is more in the nature of one for clemency than one for a legal right.

Upon a plea of guilty of murder the punishment must be assessed by the court, and must be either death or imprisonment for life. Section 2222, Okla. Stat. 1931. It is proper practice for the court receiving such plea to investigate the facts, and, if he deems it necessary, to take evidence, in order to arrive at the just punishment to be assessed. The facts here disclosed show a heartless murder, coldly planned and deliberately and cruelly executed. The motive—a procuring of money for the life of the victim. The age of the defendant George Oliver appeals to this court, as no doubt it did to the trial court; but under the admitted facts, if this crime is not deserving of the death penalty, then indeed few crimes justify it. It is not the province of this court to extend clemency. That belongs to the chief executive. When this court reduces a punishment assessed by the trial court, it does so as a matter of justice under the law and not for reasons of sympathy or by way of clemency. Turner et al. v. State, 8 Okla. Cr. 11, 126 Pac. 452; Fritz v. State, 8 Okla. Cr. 342, 128 Pac. 170.

The case is therefore affirmed.

The original time for the execution having passed, owing to the pendency of the appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Murray county be carried out by the electrocution of the defendants on Friday, August 25, 1933.

DAVENPORT and CHAPPELL, JJ., concur.